**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ACME FLOOR COMPANY, INC., et al.,<br><br>    Defendants. | Case No. 26-2044-JMK-BGS |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Lift Stay.  *See* Doc. 12. Plaintiffs ask the Court to lift the stay entered while the parties conduct an audit of Defendants' books and records and to require Defendants to answer or otherwise respond to the Complaint within 30 days.  They alternatively ask the Court to retain the stay but require joint status reports every 45 days.  *See* Doc. 14.  Defendants oppose the motion.  Doc. 13.  For the reasons explained below, the Court denies Plaintiffs' request to lift the stay but grants their alternative request for more frequent status reports.

### I.    Background

Plaintiffs are employee-benefit funds and their trustees.  They bring this action under the Employee Retirement Income Security Act of 1974 to recover allegedly unpaid benefit contributions.  The Complaint alleges that Acme Floor, LLC and Missouri Hardwood Products, LLC are single employers with or alter egos of Acme Floor Company, Inc. and seeks, among other relief, an accounting of all three entities' books and records from January 1, 2023, forward.  Doc. 1 at 3-16.

1

Before Defendants answered, the parties jointly moved to stay the case so they could conduct the accounting, which they refer to as the "Audit." *See* Doc. 8. They represented that a voluntary Audit could eliminate motion practice over access to Defendants' records, help determine whether contributions are owed, narrow the dispute over which entities are proper defendants, and conserve the parties' and the Court's resources. *Id.* at ¶¶ 6-12. The parties proposed filing status reports at least every 90 days and moving to lift the stay when the Audit was complete. *Id.* at ¶¶ 13-14.

The Court granted the joint motion on April 10, 2026. It stayed the case "pending completion of the audit," directed the parties to "proceed expeditiously with the audit," and required a joint status report by July 9, 2026. Doc. 9. The Court also cautioned that it would not be inclined to maintain the stay for a lengthy or indefinite period. *Id.*

Plaintiffs filed the present motion on July 8, 2026, in lieu of the required status report. Doc. 12 at ¶ 5. According to the motion, Plaintiffs identified the records needed for the Audit on April 28 and requested production by May 29. *Id.* at ¶¶ 3-4. Counsel discussed production on June 5 and July 2, and Plaintiffs followed up by email on June 11. *Id.* at ¶¶ 6-8. Defendants began producing documents on July 8, but Plaintiffs maintained that additional records were needed. *Id.* at ¶ 9. Plaintiffs therefore argued that the reasons supporting the stay no longer existed and that formal discovery or a court order compelling the Audit had become necessary. *Id.* at ¶¶ 11-12.

Defendants acknowledge that their production was delayed but deny acting in bad faith, attributing the delay to business and family circumstances. Doc. 13 at ¶ 3. They contend that they have now produced everything they believe is necessary, the Audit has begun, and they will cooperate with any additional requests. *Id.* at ¶¶ 4-5. Plaintiffs' reply confirms that the parties' communications and document production have proceeded "in a fairly smooth manner" since the motion was filed. Doc. 14 at 2. Plaintiffs report that they received Defendants' latest production on

July 17, provided the records to their payroll auditor, and began the Audit. *Id.* But they remain concerned that Defendants' earlier delay may make formal discovery necessary if additional records are needed. *Id.* at 2-3. If the Court retains the stay, Plaintiffs request joint status reports every 45 days. *Id.* at 3-4.

## II.    Legal Standard

A district court has broad discretion to stay proceedings as an incident of its authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015). Exercising that authority requires the Court to "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The proponent of a stay bears the burden of establishing its need and must demonstrate a clear case of hardship or inequity if there is a fair possibility the stay will harm another party. *Clinton*, 520 U.S. at 708; *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009).

The same considerations generally govern whether an existing stay should be lifted. *Asarco, LLC v. Noranda Mining, Inc.*, No. 2:12-cv-00527-DBB, 2022 WL 17177625, at *4 (D. Utah Nov. 23, 2022); *Worldclear Ltd. v. Akirix, LLC*, No. 1:17-cv-00155, 2024 WL 4291317, at *2 (D. Utah Sept. 25, 2024). Relevant considerations include whether the stay continues to promote judicial economy, whether it avoids confusion or inconsistent results, and whether it unduly prejudices a party or creates undue hardship. *Asarco*, 2022 WL 17177625, at *4. And because a stay must remain within reasonable bounds, the Court evaluates those considerations against present circumstances rather than only the circumstances existing when the stay was entered. *See Landis*, 299 U.S. at 257–59.

## III.    Analysis

The Court first considers whether the stay still serves its original purpose and then addresses whether closer oversight is warranted. The current record supports continuing the stay for now, but Defendants' earlier delay warrants more frequent status reports.

### A. The stay remains warranted.

The stay's central purpose remains intact. The parties sought the stay to complete a voluntary Audit that could identify any unpaid contributions, narrow the dispute over which Defendants are properly named, and avoid the cost of formal motion practice and discovery. *See* Doc. 8 at ¶¶ 6-12. Although Defendants did not produce documents by Plaintiffs' requested deadline, the circumstances have materially improved since Plaintiffs filed their motion. The parties now agree that Defendants have made a substantial production, Plaintiffs have supplied the records to their auditor, and the Audit has begun. Doc. 13 at ¶¶ 4-5; Doc. 14 at 2. Plaintiffs also acknowledge that production is now proceeding smoothly and that many of the necessary documents appear to have been provided. Doc. 14 at 2. On this record, the process the stay was intended to facilitate is functioning and may still narrow or resolve issues before ordinary litigation resumes.

Further, Plaintiffs have not identified a present need for formal discovery. They do not identify an outstanding document request or a current production impasse. Instead, they intend to continue using informal requests but argue that formal discovery may become necessary if Defendants delay responding in the future. *Id.* at 2–3. That concern is understandable given the earlier delay, but it remains contingent. The Court will not lift a stay that is presently advancing its intended purpose based solely on the possibility that circumstances may later change. If Defendants do not honor their representation that they will cooperate with additional requests, Plaintiffs may promptly renew their request to lift the stay.

Continuing the stay also does not present the concerns that supported lifting the stay in *Worldclear*. There, a short stay had become a years-long stay after its original justification ceased to be valid. 2024 WL 4291317, at *3–4. Here, the stay has been in place for only a few months, and the Audit that justified it is underway. As in *Asarco*, the awaited process remains useful, and the

4

party seeking to lift the stay has not shown undue hardship from allowing that process to continue. *See* 2022 WL 17177625, at *9–11.

Defendants have therefore carried their burden, on the present record, to show that continuing the stay will preserve judicial resources without causing undue prejudice. Plaintiffs' concern that formal discovery may later become necessary does not establish a fair possibility of harm from a short, monitored continuation of the stay. The benefit of allowing the Audit to proceed outweighs that presently speculative risk. The request to lift the stay is denied without prejudice.

### B. More frequent status reports are warranted.

The conclusion that the stay remains useful does not excuse the delay that prompted the motion. The Court directed the parties to proceed expeditiously and warned that it would not maintain a lengthy or indefinite stay. Doc. 9. Yet Defendants did not begin producing documents until more than five weeks after Plaintiffs' requested deadline. Doc. 12 at ¶¶ 4, 9.

Closer monitoring will preserve the stay's benefits while ensuring that the case continues to progress. The parties must file a joint status report by September 18, 2026, and every 45 days thereafter while the stay remains in effect. Each report must describe the Audit work completed since this Order or the preceding report, identify any outstanding document requests or other impediments, provide the anticipated completion date, and state each party's position on whether the stay should continue. Given the earlier delay in document production and the absence of a responsive pleading, the parties must proceed diligently and expeditiously with the Audit. The Court will not maintain the stay for a lengthy or indefinite period. If the Audit is not completed within a reasonable time or future reports do not reflect meaningful progress, the Court will move the case forward and set a deadline for Defendants to answer or otherwise respond to the Complaint, even if

5

the Audit remains ongoing.  The parties need not wait for a reporting deadline to seek relief if an issue materially delays the Audit.

### IV.    Conclusion

The Audit is underway, substantial production has occurred, and no present discovery impasse exists.  The stay therefore continues to serve the purpose for which the parties jointly requested it.  But the earlier production delay and the need to prevent an indefinite stay warrant closer oversight.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Lift Stay (Doc. 12) is **GRANTED IN PART and DENIED IN PART.**  The motion is denied to the extent Plaintiffs seek to lift the stay and require Defendants to respond to the Complaint.  It is granted to the extent Plaintiffs alternatively request joint status reports every 45 days.

**IT IS FURTHER ORDERED** that this case remains stayed pending completion of the Audit or further order of the Court.  The parties must proceed diligently and expeditiously with the Audit.  The Court will not maintain the stay for a lengthy or indefinite period and will move the case forward, including by setting a deadline for Defendants to answer or otherwise respond to the Complaint, if the Audit is not completed within a reasonable time or future status reports do not reflect meaningful progress.

**IT IS FURTHER ORDERED** that the parties must file a joint status report by **September 18, 2026**, and every 45 days thereafter while the stay remains in effect.  Each report must contain the information specified above.

**IT IS SO ORDERED**.

Dated July 30, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

6